# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

michael@faillacelaw.com

June 14, 2019

**BY ECF**  
Hon. Lorna G. Schofield  
United States District Judge  
United States District Court  
40 Foley Square  
New York, NY 10007

         Re:    **Borja, et al v. Felidia Restaurant, Inc., et al.**  
                 **Case No. 19-cv-1397**

Your Honor:

        This office represents Plaintiff in the above referenced matter. Plaintiff writes with the consent of Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

        The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions, including a settlement conference before Your Honor. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

        Plaintiff filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq*., and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

        Specifically, Plaintiffs allege they worked as busboys for several years at Defendants' restaurant, and were paid hourly rates below the minimum wage.

        Defendants categorically deny the allegations in the Complaint.

2. **Settlement Terms**

        Plaintiffs allege they were entitled to back wages of approximately $10,673.51. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $46,187, which represents calculated actual damages, penalties, and interest, but excludes

Page 2

attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $10,000. The settlement will be paid in one installment.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Importantly, in *Jara v. Felidia Restaurant, Inc. et al,* No. 1:17-cv-09622-ALC (S.D.N.Y.), the plaintiff asserted, among other things, the same purported wage and hour violations under the Fair Labor Standards Act and New York Labor Law that Plaintiffs assert at bar. *See* Docket No. 45 for Civil Action No. 1:17-cv-09622-ALC (S.D.N.Y.), First Amended Complaint. Jara asserted his claims on behalf of himself and all other tipped employees of Defendants. *See id.* The *Jara* case was settled by the parties on a class-wide basis, which Judge Carter of this Court gave final approval to on December 17, 2018, after Plaintiffs' employment with Defendants ended. *See* Docket No. 81 for Civil Action No. 1:17-cv-09622-ALC (S.D.N.Y.). Prior to Judge Carter issuing final approval, court-authorized notice was mailed to all class members, including Plaintiffs. *See* Docket No. 75 for Civil Action No. 1:17-cv-09622-ALC (S.D.N.Y.), paragraph 17. The court-authorized notice informed class members, including Plaintiffs, about the claims asserted in the case, the settlement of those claims, the terms of the settlement agreement, and that class members had the right to opt out of the settlement. *See* Docket Nos. 48-2 and 65 for Civil Action No. 1:17-cv-09622-ALC (S.D.N.Y.). Accordingly, Defendants assert that Plaintiffs were a part of the *Jara* settlement because: (1) they were included in the definition of the class/collective set forth in the *Jara* settlement papers; (2) they were given court authorized notice of the *Jara* settlement; (3) they did not opt out of the *Jara* settlement; and (4) they received and cashed settlement checks. As such, Defendants argue that Plaintiffs are barred from asserting the claims at bar by waiver and release[1] and the doctrine of res judicata. *See Hecht v. United Collection Bureau, Inc.,* 691 F.3d 218, 222 (2d Cir. 2012) ("res judicata generally applies to judgments in class actions[.]"); *Rosado-Acha v. Red Bull GMBH*, No. 15 civ. 7620 (KPF), 2016 WL 3636672, at *11 (S.D.N.Y. June 29, 2016) (noting that res judicata applies to class members whose claims are resolved as part of a class action settlement agreement).

Plaintiffs contend that they never received any such payments, and were not aware of the earlier settlement. Plaintiffs also argue that their claims survive for the limited period that was not covered by the class action.[2]

---

[1] As part of the *Jara* settlement, the putative class waived all FLSA and New York Labor Law claims (other than claims for retaliation) that were raised or could have been raised in the operable complaint filed in the action. See Docket No. 48-1 for Civil Action No. 1:17-cv-09622-ALC (S.D.N.Y.), Section 4.1. Further, by cashing their settlement checks, as set forth in the *Jara* settlement papers, Plaintiffs reaffirmed their waiver of such claims. *See id.*
[2] Plaintiffs' damages chart at Exhibit B is based upon this period.

Page 3

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiffs' counsel will receive $3,333.33 from the settlement fund as attorneys' fees. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiffs' counsel's lodestar in this case is $4,502.50. A copy of Plaintiffs' billing record is attached as "Exhibit C." Mr. Faillace's standard billing rate is $450 an hour. Mr. Barton's standard rate is $375.

The amount Plaintiffs' counsel is asking for is less than their lodestar, fair and reasonable, and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of each attorney who performed billed work in this matter is as follows:

i. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992

Page 4

and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

   ii. Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and has been recognized as a "Rising Star" by the Super Lawyers organization for 2016, 2017, and 2018.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

        Respectfully submitted,

        /s/Michael Faillace
        Michael Faillace
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Attorneys for the Plaintiff

Enclosures